IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE MEREDITH,

        Petitioner,        No. 2:10-cv-1395 JFM (HC)

    vs.

RAUL LOPEZ, *Warden*,

        Respondent.        <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the undersigned on the consent of the parties.[1] <u>See</u> 28 U.S.C. § 636(c)(1). On March 2, 2011, petitioner filed a motion for stay and abeyance. On March 25, 2011, respondent filed a motion to dismiss. Upon review of the motions, the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

                              FACTUAL AND PROCEDURAL BACKGROUND

        On August 22, 2007, a jury convicted petitioner in the Sacramento County Superior Court of residential burglary, receiving stolen property and possession of methamphetamine. Clerk's Transcript ("CT") at 194-96. On September 28, 2007, petitioner was

---

[1] Petitioner filed his consent to the jurisdiction of the undersigned on June 18, 2010. Doc. No. 4. Respondent filed his consent on March 9, 2011. Doc. No. 20.

1  sentenced to an aggregate term of 15 years in state prison, which included a sentencing
2  enhancement in light of a prior conviction.  Id. at 255.
3      On July 3, 2008, petitioner, proceeding pro se, filed a Petition for Writ of Error
4  Coram Nobis with the Sacramento County Superior Court challenging the trial court's use of a
5  prior burglary conviction as a "strike."  Lodgment ("LD") 1.  On September 17, 2008, the
6  petition was construed as a petition for writ of habeas corpus challenging the prior conviction.
7  LD 2.  As such, the petition was denied as untimely and lacking in merit.  Id.  Petitioner
8  appealed to the California Court of Appeal, which, on May 15, 2009, affirmed the lower court's
9  ruling denying the petition.  LD 3.
10     On October 28, 2008, petitioner, again proceeding pro se, filed a petition for writ
11 of mandamus / habeas corpus in the California Court of Appeal, Third Appellate District.  LD
12 16.  There, petitioner asserted a claim for ineffective assistance of trial counsel and for
13 ineffective assistance of appellate counsel.  There is no record on the website of the California
14 Court of Appeal that this petition was docketed, despite the fact that the face of this petition
15 indicates that it was.
16     On December 16, 2008, petitioner's appellate counsel filed an opening brief in the
17 California Court of Appeal, Third Appellate District, alleging instructional error and a due
18 process violation for the trial court's error in compelling petitioner to stand trial in prison garb.[2]
19 LD 4.  On June 15, 2009, the California appellate court affirmed petitioner's conviction and
20 sentence in a published opinion.  LD 10.  On June 29, 2009, petitioner, through appellate
21 counsel, filed a petition for rehearing.  LD 11.  On July 2, 2009, the petition for rehearing was
22 summarily denied by the California Court of Appeal, Third Appellate District.  LD 12.

---

[2] After his appellate counsel filed an opening brief in the California appellate court on direct review, petitioner filed a petition for writ of habeas corpus with the same court on January 7, 2009. See LD 5.  There, petitioner sought appointment of new appellate counsel and permission to file a supplemental brief.  Id.  The state appellate court construed the motion as a motion to discharge counsel, which it denied.  Id.  Petitioner then sought review in the California Supreme Court, which denied review on March 18, 2009.  LD 6-7.

1    On July 28, 2009, petitioner appealed to the California Supreme Court. LD 13.
2 On September 20, 2009, the petition for review was summarily denied. LD 14.
3    On December 24, 2009, petitioner filed a petition for a writ of certiorari with the
4 United States Supreme Court. LD 16. The petition was denied on March 8, 2010. Id.
5    On June 7, 2010, petitioner filed a petition for writ of mandamus in this court.
6 Doc. No. 1. This action is proceeding on petitioner's first amended petition filed August 4,
7 2010.
8    On March 2, 2011, petitioner filed a motion for stay and abeyance.
9    On March 14, 2011, petitioner filed a petition for writ of habeas corpus with the
10 California Supreme Court. LD 17. That petition is pending.
11    On May 5, 2011, respondent filed an opposition to the motion to stay. On June
12 13, 2011, petitioner filed a reply to respondent's opposition.
13    On March 25, 2011, respondent filed a motion to dismiss. Petitioner has not filed
14 an opposition to the motion to dismiss.
15    On May 31, 2011, petitioner filed a motion to strike his unexhausted claims. On
16 June 7, 2011, respondent filed a statement of non-opposition. On June 13, 2011, petitioner filed
17 a motion that the court construes as a motion to withdraw the motion to strike. Accordingly, this
18 motion will be granted.

                                    STANDARD

20    A motion for summary dismissal pursuant to Rule 4 of the Rules Governing
21 Habeas Corpus Cases Under Section 2254 ("Habeas Rules") is an appropriate motion in habeas
22 proceedings. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); White v. Lewis, 874 F.2d
23 599, 602-03 (9th Cir. 1989). Rule 4 of the Habeas Rules authorizes a judge to summarily
24 dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it
25 that the petitioner is not entitled to relief in the district court." Rule 4 also authorizes motions to
26 dismiss on procedural grounds where there exists a procedural reason for dismissing a habeas

petition that may obviate the need for a full answer on the merits.  See White v. Lewis, 874 F.2d at 602.

## DISCUSSION

In the first amended petition pending before the court, petitioner presents three grounds for relief: (1) the in-court identification of petitioner was impermissibly suggestive because he was wearing prison garb; (2) the trial court improperly compelled petitioner to stand trial before a jury wearing identifiable jail clothing; and (3) trial counsel was ineffective.  The first and third grounds for relief were not raised in his direct appeal and are not exhausted.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondents' counsel.  28 U.S.C. § 2254(b)(3).[3]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).  The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).

As a general rule, a mixed petition containing both exhausted and unexhausted claims must be dismissed with leave to file an amended petition raising only exhausted claims. However, a district court has authority to stay a mixed petition for writ of habeas corpus pending exhaustion of unexhausted claims in "limited circumstances," i.e., "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state

---

[3]  A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

4

court." Rhines v. Weber, 544 U.S. 269, 277 (2005). It is undisputed that two of petitioner's

/////

/////

three claims for relief are unexhausted. Thus, unless a stay is warranted, the petition must be dismissed with leave to file an amended petition raising only exhausted claims.[4]

"Under Rhines, a district court must stay a mixed petition only if: (1) the petitioner has "good cause" for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. Id. at 278, 125 S. Ct. 1528." Wooten v. Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008).

Rhines does not go into detail as to what constitutes good cause for failure to exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds support in Pace v. DiGuglielmo, 544 U.S. 408 (2005), where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. 544 U.S. at 416-17.

However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal. Wooten, 540 F.3d at 1024. The Ninth Circuit explained that finding good cause in that argument "would render

---

[4] Petitioner has not attempted to invoke the three-step procedure outline in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Cf. King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).

5

stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024.
/////

The following facts are relevant to the good cause determination. Direct review of petitioner's state court conviction concluded on March 8, 2010 when the United States Supreme Court denied his petition for certiorari. Three months later, on June 7, 2010, petitioner filed the instant petition. Thereafter, on March 2, 2011, petitioner filed a motion to stay, and on March 14, 2011, filed his California Supreme Court petition. Petitioner asserts a stay is warranted because his trial and appellate counsel refused to address the unexhausted claims in the state courts despite his insistence that they do so. This argument, however, does not explain why petitioner was unable to file his petition pro se with the California Supreme Court prior to filing a petition in this court. Furthermore, petitioner's excuse for his failure to exhaust is similar to the excuse other courts have rejected. See Gray v. Ryan, slip. op. 2010 WL 4976953 (S.D. Cal. 2010) ("If a mere allegation of ineffective assistance of counsel established good cause, stay and abey orders would be routine"); Bolin v. McDaniel, slip. op. 2011 WL 2436562 (D. Nev. 2011) ("a mere allegation of ineffective assistance of counsel does not constitute good cause for failure to exhaust before proceeding in federal court"). Thus, this court is bound to find that petitioner has not shown good cause for a stay under Rhines.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for stay and abeyance is denied;

2. Respondent's motion to dismiss is denied;

3. Petitioner's June 13, 2011 motion is granted;

4. Petitioner's May 31, 2011 motion to strike is deemed withdrawn; and

/////
/////
/////

6

1  /////
2  /////
3  /////
4           5.  Petitioner shall file a second amended petition within thirty days of the date of
5  this order consisting of only exhausted claims.  Failure to do so may result in the dismissal of the
6  petition as a mixed petition.
7  DATED: June 30, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;mere1395.stay.mtd